IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br>  v<br>FREDERICK LIM JOHNSON,<br>    Defendant. | No   CV 09-3521 VRW<br>      CR 07-371 MJJ<br><br>ORDER |

Defendant Frederick Lim Johnson moves to vacate, set aside or correct his sentence pursuant to USC § 2255, claiming ineffective assistance of counsel ("IAC").  For the reasons set forth herein, the court DISMISSES Johnson's motion.

I

On June 12, 2007, a grand jury indicted Johnson for being a felon in possession of a firearm in violation of 18 USC § 922(g)(1).  CR Doc #15.  Johnson entered a plea of not guilty, and on August 17, 2008, a jury found Johnson guilty.  CR Doc ##17, 56.  Because Johnson had three previous violent felonies, he faced a mandatory minimum prison sentence of 15 years.  CR Doc #71, see

18 USC § 924(e)(1).  Johnson's previous record included multiple convictions for armed bank robbery.  Doc #71 at 4.  The United States Sentencing Guidelines called for a sentence in the range of 188 to 235 months.  Doc #76.

Before sentencing, Johnson, represented by Randall Gary Knox, moved for judgment of acquittal or for a new trial arguing, inter alia, that the court erred or defense counsel was ineffective in excluding testimony of pre-arrest law enforcement surveillance. CR Doc #54.  Pursuant to an in limine motion, the court had initially excluded evidence that Johnson was under surveillance prior to May 30, 2007, the day Johnson was arrested.  Doc #87 at 4. During trial, the court ruled that defense counsel's questioning on cross examination opened the door to admission of the previously excluded surveillance testimony on redirect examination.  CR Doc ##54, 83, 87 at 4.  The court denied Johnson's motion for acquittal or for a new trial and entered judgment against him.  Johnson received a sentence of 235 months in custody, followed by five years of supervised release.  CR Doc #75, 76.

Along with the above-referenced motion for judgment of acquittal or for a new trial, Knox moved to withdraw as counsel.[1] CR Doc ##54, 55.  The motion stated that Johnson had "lost confidence" in Knox; Knox's accompanying declaration and portions of the transcript were sealed.  Id.  On December 3, 2007, Knox was replaced by James Phillip Vaughns.  Doc #67.

---

[1] For reasons not clear from the record, Knox was Johnson's third attorney.  His first attorney, a federal public defender, was replaced on June 1, 2007 by an attorney appointed under the Criminal Justice Act ("CJA")(CR Doc #5), who was in turn replaced by Knox a few weeks later.  CR Doc #22.

2

On January 31, 2008, Johnson filed a timely appeal. CR Doc #77. By memorandum dated May 29, 2009, the court of appeals affirmed the district court. CR Doc #90. Specifically, it found that all surveillance evidence admitted at trial was proper. Id. It also found that "[d]efense counsel's performance at trial was not ineffective," and that defense counsel's strategy on cross examination was valid. Id. On July 10, 2009, the court denied Johnson's petition for rehearing en banc as untimely and issued its mandate. CR Doc #91. On October 5, 2009, the United States Supreme Court denied Johnson's petition for writ of certiorari. CR Doc #97.

On July 31, 2009, Johnson filed a timely § 2255 motion. CR Doc #95. Johnson asserts he received IAC from both his trial attorney and his attorney on appeal. Id. He claims that trial counsel improperly failed to object to opinion testimony offered by law enforcement witnesses that, while under surveillance, he was casing and preparing to rob a bank. Id. He further claims that appellate counsel should have raised a claim of error for inadmissible opinion testimony and an IAC claim. Id.

II

Johnson was sentenced by Judge Martin J Jenkins in federal court in the Northern District of California. CR Doc# 75. "A prisoner 'in custody' under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence under 28 USC § 2255 before the judge who imposed the sentence." Socha v United States, 2001 US Dist LEXIS

3

17444 at *1 (ND Cal 2001) (Walker, J).  Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") provides: "[i]f the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure."  The undersigned judge properly decides this motion pursuant to Rule 4(a).

Further, the judge must dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief * * *."  Rule 4(b), Section 2255 Rules, see United States v Mejia-Mesa, 153 F3d 925, 931 (9th Cir 1998) ("district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."

III

In his § 2255 motion, Johnson asserts that both his trial attorney and his appellate attorney provided IAC.  CR #95.  Johnson's claims are without merit.

"An ineffective assistance claim has two components:  A petitioner must show [1] that counsel's performance was deficient, and [2] that the deficiency prejudiced the defense."  Wiggins v Smith, 539 US 510, 521 (2003) (citing Strickland v Washington, 466 US 668, 687 (1984).  To establish deficient performance by counsel, "petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'"  Wiggins, 539 US at 521 (quoting Strickland, 466 US at 688).  To establish

4

prejudice, "petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Williams v Taylor, 163 F3d 860, 866 (4th Cir 1998) (quoting Strickland, 466 US at 694). For ineffective assistance of appellate counsel, this means that Johnson must prove that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Miller v Keeney, 882 F2d 1428, 1434 (9th Cir 1989).

In determining whether counsel's performance was deficient, the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins, 539 US at 521 (quoting Strickland, 466 US at 688). "In any ineffectiveness case, a particular decision * * * must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id at 521-22. The defendant must "overcome the presumption that, under the circumstances, the challenged action might be considered sound [] strategy." Strickland, 466 US at 689 (internal quotation marks omitted).

A

Johnson's claim of IAC at trial has already been litigated in the court of appeals and was found to be meritless. CR Doc #90. Claims presented and rejected on direct appeal may not be litigated again in a § 2255 motion. United States v Scrivner,

189 F3d 825, 828 (9th Cir 1999); <u>see</u> <u>also</u> <u>United States v Jose Arreola</u>, 2008 US Dist LEXIS 91229 at *9-11 (ND Cal 2008) (denying an IAC claim in a § 2255 petition when the Ninth Circuit had previously rejected essentially the same issue on direct appeal).

Johnson falsely asserts that his trial counsel failed to object to opinion testimony that he was "casing a bank" and "preparing to rob the bank." CR Doc #95. But the record establishes that Johnson's trial attorney objected in limine to that very testimony, objected during trial when the government was permitted to elicit testimony broader than that originally allowed, and objected to the testimony after trial in a motion for judgment of acquittal or for a new trial. Doc ##26, 54, 83. Subsequently, Johnson's appellate attorney litigated the issue in the court of appeals. Appellant's Opening Brief ("Johnson Brief"), <u>United States v Johnson</u>, 327 Fed Appx 748, (9th Cir 2009)(No 08-10057).

Johnson attempts to present these issues in a new light, claiming that his counsel in a subsequent case, in which he was accused of robbing eight banks, successfully moved in limine to exclude opinion testimony as improper conclusions as to his mental state. <u>See</u> CR 08-0251 MMC, Docs #82 at 5, 103. This does not change the fact that the appellate court in this case determined that the ultimate admission of <u>all</u> pre-arrest surveillance testimony, regardless of substance, was not error, and that Johnson's trial counsel did not "fall below an objective standard of reasonableness." Doc #90, <u>see</u> <u>Wiggins</u>, 539 US at 521. Even if Johnson's trial attorney had couched his objections in terms of Johnson's mental state, the result of the proceeding would be the

same.  See Williams, 163 F3d at 866.  Accordingly, the claim of ineffective assistance of trial counsel is without merit.

B

Johnson's claim of ineffective assistance of appellate counsel is similarly meritless because 1) counsel was not deficient and 2) Johnson was not prejudiced by counsel's failure to argue that opinions as to Johnson's mental state were improperly admitted.  See Wiggins, 539 US at 521.

Johnson asserts that appellate counsel failed to raise as error the court's allowance of inadmissible "opinions of [Federal Bureau of Investigation] agents that defendant was 'casing' and 'attempting to rob' a bank offered as defendant's motive for possessing a firearm."  CR Doc #95 at 3.  In fact, appellate counsel in large part did raise the claims asserted in Johnson's § 2255 petition before the court of appeals.  See Johnson Brief, Johnson, 327 Fed Appx 748 (9th Cir 2009)(No 08-10057):

> First, the District Court erred when it admitted evidence of pre-arrest surveillance that brought armed bank robbery implications into a felon in possession trial.  Second, that defense counsel's representation fell below constitutional requirements due to his blunder of 'opening the door' to previously inadmissible evidence and his failure to alert Mr Johnson and the Court of his intention to become a federal prosecutor * * *."[2]

Id at *8.  While Johnson's appellate counsel did not separately enumerate each instance of opinion testimony elicited under FRE

---

[2] Records relating to trial attorney Knox's withdrawal were unsealed for Johnson's use on appeal (Doc ##86, 88) in an IAC claim based on Knox's interest in a position as a federal prosecutor. Johnson Brief at *16.  The court of appeals found that "[Knox]'s failure to disclose to his client that he submitted his resume to the United States Attorney's office did not create a conflict of interest."  Doc #90.

404(b), the applicable constitutional standard did not require him to do so.  See Jones v Barnes, 463 US 745, 751-54 (1983) (appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by defendant); Miller, 882 F2d at 1434 ("[T]he weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.").

Moreover, the court of appeals found all surveillance-related testimony admissible: the previously-excluded evidence pertaining to surveillance on May 25-26, 2007 was admissible after "Johnson's counsel opened the door"; surveillance evidence from later dates was admissible because "it was inextricably intertwined with Johnson's arrest."  CR Doc # 90.  This surveillance evidence included law enforcement opinion testimony as to Johnson's mental state.  Because Johnson's § 2255 claims were raised by appellate counsel and dismissed by the court, Johnson was not prejudiced by his attorney's conduct.  See Miller, 882 F2d at 1433.  The appellate-level IAC claim of is therefore also without merit.

IV

For the foregoing reasons, Johnson's § 2255 motion is DISMISSED without leave to amend.  The clerk shall enter judgment in favor of respondent and close file number C 09-3521 VRW.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

8